**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BINYAM FANCHO YALLEW,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-72539<br><br>Agency No. A057-657-882<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2016**
Seattle, Washington

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

Binyam Fancho Yallew, a native and citizen of Ethiopia, petitions for review

of an order by the Board of Immigration Appeals ("BIA") dismissing his appeal

from an immigration judge's order finding Yallew removable and denying his

application under 8 U.S.C. § 1186a(c)(4)(B) for a waiver of the joint filing

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

requirement to remove the conditional basis of his lawful permanent resident status. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's denial of the waiver, *see Oropeza–Wong v. Gonzales*, 406 F.3d 1135, 1147 (9th Cir. 2005), and we grant in part and deny in part the petition for review.

In light of the competing evidence offered by Yallew and his ex-wife, we are not compelled to find that the BIA erred in finding Yallew less persuasive, nor that Yallew entered into the marriage in good faith. *See* 8 U.S.C. § 1186a(c)(4)(B); *Oropeza-Wong*, 406 F.3d at 1147–48. As the BIA noted, Yallew and his ex-wife lived together only briefly before Yallew relocated to the United States without her, the couple never significantly shared financial assets or liabilities, there was limited communication between them after Yallew moved to the United States, and they had no children. *See* 8 C.F.R. § 1216.5(e)(2); *Oropeza–Wong*, 406 F.3d at 1148. Therefore, substantial evidence supports the BIA's conclusion that Yallew did not marry with the intent of establishing a life with his ex-wife at the time they were married. *See Damon v. Ashcroft*, 360 F.3d 1084, 1088 (9th Cir. 2004).

Nevertheless, the parties agree that a limited remand is appropriate for the BIA to reconsider its holding that Yallew's grant of voluntary departure

2

automatically terminated.  We thus grant Yallew's petition in limited part and deny

it in all other respects.[1]

**PETITION GRANTED IN PART AND DENIED IN PART**.  The parties

shall bear their own costs on appeal.

---

[1] In light of Yallew's concession, we do not reach the question of whether he may be eligible for a waiver of the joint filing requirement for reasons of extreme hardship.